[No. 6,175.]

## SOULE ET AL. *v.* SAN FRANCISCO GAS - LIGHT CO.

STATE HARBOR COMMISSIONERS — TOLLS — CONSTRUCTION — DEFINITION. — The rate of toll prescribed by the State Harbor Commissioners for coal is ten cents per ton, but a reduced rate is allowed for merchandise landed upon wharves, and taken thence in lighters cr other vessels, or *warehoused without drayage.*  Defendants' coal was removed from their wharf *by cars run upon a railway supported by timbers resting upon the wharf.  Held,* in an action for the tolls, that the difference between the two rates was intended to cover the wear and tear of wharves by the passage of loaded means of conveyance, whether wagons, drays, or cars; and that the defendant (who was bound, by the terms of its lease from the Harbor Commissioners, to pay the same rates as are charged at other wharves) was not entitled to the reduction.

APPEAL by both parties from a judgment for the plaintiff, in the Nineteenth District Court, City and County of San Francisco.  WHEELER, J.

*J. B. Lamar,* for Plaintiff.

The removal of coal by any of the ordinary vehicles drawn by horses or steam is, in the legal as well as the usual sense of

the term, *drayage.* The clear and evident intent of the rule reducing tolls or wharfage on merchandise, was to modify the usual rates on such goods as were landed on the wharf, and passed over the side to other vessels, or carried by hand, or removed without the use of wheeled vehicles.

*R. P. & H. N. Clement,* for Defendant.

The coal was warehoused without being hauled on drays, and was therefore warehoused without drayage.

Department No. 2, MYRICK, J.:

The rate of toll fixed by the Board of State Harbor Commissioners is: Coal, ten cents per ton; all merchandise landed upon wharves from vessels, and taken from thence in lighters or other vessels, or warehoused without drayage, must pay six and a quarter cents per ton wharfage. In this case, coal was landed and placed on the wharf from vessels, and removed by defendant on cars run upon a tramway supported by pillars resting on the wharf, and was warehoused without being hauled on drays. The wharf was built and has at all times been kept in repair by defendant at its own cost. The Court below held that defendant was bound to pay six and a quarter cents per ton, and rendered judgment accordingly. Both parties appealed.

The difference between the two rates was evidently intended to cover the wear and tear of wharves by the passing of loaded means of conveyance. It makes no difference, as far as the question before us is concerned, whether the conveyance was by wagons, drays, or cars; or whether on a tramway resting on pillars ten feet high, on timber six inches above the wharf, or on rails resting immediately on the wharf. In this case the wear and tear is not at the cost of the Board of State Harbor Commissioners; the cost is borne by the defendant. The wharves of the city are generally built and maintained by the Board, and are under its control, and it would certainly be prudent for the Board to make regulations to cover wear and tear under various circumstances.

We think that the fact that defendant built and maintains

the wharf might be a proper element to enter into the construction of the rule establishing the rate of toll, were it not for the fact that the lease in this case contains the provision, that "all freight landed or placed on said wharf shall pay to said Board of State Harbor Commissioners the same rates of toll, from time to time, as shall be charged or collected on other wharves upon the water front of said City and County of San Francisco under the control of said Board of State Harbor Commissioners." We are therefore of opinion that the toll to be paid by defendant is ten cents per ton.

This cause is remanded to the Superior Court of the City and County of San Francisco, with instructions to modify the judgment in accordance with this opinion.

THORNTON, P. J., and SHARPSTEIN, J., concurred.